UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYLATHUM ANTWAN STREETER,

    Petitioner,

v.                                      Case No. 8:20-cv-2273-WFJ-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Sylathum Antwan Streeter, a Florida prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent argues that the petition must be dismissed as untimely, (Doc. 13), or alternatively denied on the merits. (Doc. 18). Mr. Streeter has submitted replies opposing dismissal. (Docs. 16, 23). For the reasons explained below, the petition is **DISMISSED as time-barred**.[1]

**I.**    **Background**

Mr. Streeter challenges convictions and sentences arising from a string of shootings that he and his co-defendants committed in April 1998, when he was sixteen years old. (Doc. 1 at 1). Two persons died during the shootings; several others were injured. (Doc. 18-3, Ex. 83, at 504-14). Mr. Streeter was charged in two separate cases—1998-CF-2950

---

[1] Mr. Streeter has also filed a "motion to compel judgment," asking the Court to "rule on his § 2254 [petition]." (Doc. 28). The Court grants the motion to the extent that this order resolves Mr. Streeter's petition.

1

and 1998-CF-2951. (Doc. 18-2, Exs. 5, 7). He was ultimately convicted of two counts of first-degree murder and several nonhomicide offenses, including armed burglary of a conveyance, shooting into an occupied vehicle, and causing bodily injury with a firearm. (*Id.*, Exs. 20, 21). The trial court sentenced Mr. Streeter to mandatory life imprisonment for the first-degree murder charges; it also imposed life sentences for several of the nonhomicide offenses. (*Id.*) The convictions and sentences were affirmed on direct appeal on November 2, 2001. (*Id.*, Ex. 26).

Over a decade later, on May 24, 2013, the trial court granted Mr. Streeter resentencing on the nonhomicide counts for which he had received life imprisonment. (Doc. 18-3, Ex. 64) That decision was prompted by *Graham v. Florida*, 560 U.S. 48, 82 (2010), which held that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender" convicted of a nonhomicide offense. Mr. Streeter was resentenced to a "280-year aggregate sentence" for the nonhomicide offenses. *Streeter v. State*, 163 So. 3d 1281, 1282 (Fla. 2d DCA 2015). The state appellate court reversed, holding that the 280-year sentence violated *Graham* because it did "not afford any meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* The court also held that the two mandatory life sentences for first-degree murder were unconstitutional under *Miller v. Alabama*, 567 U.S. 460, 465 (2012), which outlawed "mandatory life without parole" for juveniles. *Id.*

Mr. Streeter was again resentenced on June 3, 2016. (Doc. 18-3, Ex. 86). This time, he received (1) life imprisonment with the possibility of review after 25 years for the first-degree murder counts, and (2) a total of 160 years for the nonhomicide counts with the

2

possibility of review after 20 years.[2] (*Id.*, Exs. 87, 88). The state appellate court *per curiam* affirmed the resentencing on April 20, 2018. (*Id.*, Ex. 94).

On April 1, 2019, Mr. Streeter filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising three claims of ineffective assistance of trial counsel. (*Id.*, Ex. 95). The trial court denied the motion as untimely under Rule 3.850's two-year statute of limitations. (*Id.*, Ex. 97). The court explained that Mr. Streeter's "direct appeal process related to his original judgment and sentence concluded on December 10, 2001, giving [him] until December 10, 2003 to file postconviction claims attacking the underlying conviction." (*Id.* at 3). Because the Rule 3.850 motion was "filed well after that date," the court denied the motion as untimely. (*Id.* at 3-4). The court acknowledged that Mr. Streeter had recently been resentenced as a result of "a successful postconviction attack." (*Id.* at 4). It held, however, that "[a] resentencing resulting from a successful postconviction motion, rather than from direct appeal proceedings, does not affect the timeliness of a motion filed pursuant to Rule 3.850." (*Id.*) The state appellate court *per curiam* affirmed the denial of relief on May 20, 2020. (*Id.*, Ex. 101).

Mr. Streeter filed his federal habeas petition on September 24, 2020. (Doc. 1). He reasserts the three ineffective-assistance claims raised in his Rule 3.850 motion. (*Id.* at 6-9). He also argues that his 160-year aggregate sentence for the nonhomicide offenses violates the Eighth Amendment. (*Id.* at 4-5).

---

[2] In response to *Graham* and *Miller*, "the Florida Legislature enacted new juvenile sentencing laws" that, among other things, "allow juvenile offenders to seek judicial review of their sentences after fifteen, twenty, or twenty-five years—conditioning when an offender may receive a sentence review on (1) the nature of the offense, (2) criminal intent, and (3) the length of the sentence." *Graham v. State*, 286 So. 3d 800, 803 (Fla. 1st DCA 2019).

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where, as here, a petitioner is resentenced after the imposition of his original sentence, "the statute of limitations runs from the date of state court resentencing and not the date of the original judgment." *Maharaj v. Sec'y, Fla. Dep't of Corr.*, 304 F.3d 1345, 1348 (11th Cir. 2002); *see also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) ("[R]esentencing results in a new judgment that restarts [AEDPA's] statute of limitations"). The one-year clock is stopped while a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

As noted above, the state appellate court affirmed Mr. Streeter's latest resentencing on April 20, 2018. (Doc. 18-3, Ex. 94). His convictions and sentences became final 90 days later, on July 19, 2018, when the time to petition the United States Supreme Court for a writ of certiorari expired.[3] *See Bond v. Moore*, 309 F.3d 770, 771 (11th Cir. 2002) ("[AEDPA's] limitation period [does] not begin to run until the 90-day window during which [petitioner] could have petitioned the United States Supreme Court for a writ of

---

[3] Both sides agree that Mr. Streeter's convictions and sentences became final on July 19, 2018. (Doc. 13 at 6; Doc. 16 at 1).

4

certiorari expired."). AEDPA's one-year statute of limitations began to run the next day. *See* Fed. R. Civ. P. 6(a)(1)(A) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period."). Thus, Mr. Streeter had until July 22, 2019, to seek federal habeas relief. He filed his § 2254 petition on September 24, 2020—over a year after the deadline. (Doc. 1). The petition is therefore untimely unless tolling applies.

Mr. Streeter contends that the limitation period was tolled during the pendency of his Rule 3.850 motion. (Doc. 16 at 1). He is mistaken. As explained above, the trial court denied the Rule 3.850 motion as untimely. (Doc. 18-3, Ex. 97, at 3-4). A postconviction motion that is denied as untimely under state law is not "properly filed," and thus does not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1350 (11th Cir. 2018) ("[T]he state court ruled that the Rule 3.850 [m]otion was untimely, and we are required to defer to that ruling. That necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations." (citation omitted)). Accordingly, Mr. Streeter's Rule 3.850 motion had no tolling effect.

Mr. Streeter resists this conclusion, arguing that the state court erroneously denied his Rule 3.850 motion as untimely. (Doc. 16 at 1-3). But this Court is "required to defer to" the state court's timeliness determination. *Jones*, 906 F.3d at 1350; *see also Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003) ("[T]his Court must give due deference to [a] procedural determination by the [state] [c]ourt. Thus, we are bound by the state court's determination that the appeal was untimely."). Even if this Court could revisit the

5

timeliness issue, Mr. Streeter's argument would still fail. In denying the motion as untimely, the state court correctly applied the principle that Rule 3.850's "two-year limitation is not tolled by [] collateral proceedings filed in the trial court, even if a corrected sentence is entered." *Joseph v. State*, 835 So. 2d 1221, 1222 n.3 (Fla. 5th DCA 2003); *see also O'Neill v. State*, 6 So. 3d 630, 630 (Fla. 2d DCA 2009) ("[Petitioner] claimed that his rule 3.850 motion was timely because it was filed only thirty days after a resentencing on count six that occurred on August 29, 2005. However, that resentencing was not the result of his direct appeal proceedings but was the result of a successful motion to correct illegal sentence, which did not affect the timeliness of his rule 3.850 motion.").

Finally, Mr. Streeter fails to establish that equitable tolling applies here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his § 2254 petition). Nor does he show that his untimely petition may be considered on the ground that new evidence demonstrates his actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (actual innocence, "if proved," can overcome AEDPA's one-year statute of limitations). Thus, Mr. Streeter's petition is dismissed as time-barred.

### III. Conclusion

Accordingly, the Court **ORDERS**:

1. Mr. Streeter's petition (Doc. 1) is **DISMISSED as time-barred**.
2. Mr. Streeter's "motion to compel judgment" (Doc. 28) is **GRANTED** to the extent that this order resolves the petition.

6

3. The **CLERK** is directed to enter judgment against Mr. Streeter and to **CLOSE** this case.

4. Mr. Streeter is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Streeter must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Mr. Streeter cannot satisfy the second prong of the *Slack* test. As Mr. Streeter is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on September 12, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE